UNITED STATES COURT OF INTERNATIONAL TRADE
NEW YORK, NEW YORK

| | |
|---|---|
| **CANADIAN SOLAR INTERNATIONAL LIMITED; CANADIAN SOLAR MANUFACTURING (THAILAND) CO., LTD.; and CANADIAN SOLAR US MODULE MANUFACTURING CORPORATION**<br><br>    Plaintiffs,<br><br>    v.<br><br>**UNITED STATES,**<br><br>    Defendant. | Ct. No. 25-161<br><br>Before: Unassigned. |

## COMPLAINT

Plaintiffs, Canadian Solar International Limited ("CSIL"); Canadian Solar Manufacturing (Thailand) Co., Ltd. ("THSM"); and Canadian Solar US Module Manufacturing Corporation ("USMMC") (together, "Canadian Solar" or "Plaintiffs"), by and through counsel, bring this Complaint against the United States of America, and allege as follows:

### DETERMINATION TO BE REVIEWED

1.  Plaintiffs contest the final determination of the U.S. Department of Commerce ("Commerce" or the "Department") that countervailable subsidies are being provided to producers and exporters of crystalline silicon photovoltaic ("CSPV") cells, whether or not assembled into modules, from Thailand. *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From Thailand: Final Affirmative Countervailing Duty Determination and Final Affirmative Determination of Critical Circumstances*, 90 Fed. Reg. 17,380 (Dep't Commerce Apr. 25, 2025) ("Final Determination") and accompanying Memorandum from Elizabeth Eastwood to

1

Christopher Abbott, *Issues and Decision Memorandum for the Final Affirmative Determination of the Countervailing Duty Investigation of Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules, from Thailand*, C-549-852 (Investigation) (Dep't Commerce Apr. 18, 2025), ACCESS 4750507-02 ("Final IDM").

## JURISDICTION

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c). That section confers on the U.S. Court of International Trade jurisdiction to review, *inter alia*, final determinations issued by Commerce under Section 516A(a)(2)(A)(i) and (B)(i) of the Tariff Act of 1930, as amended (the "Act"), 19 U.S.C. § 1516a(a)(2)(A)(i), (B)(i).

## NAME AND STANDING OF PLAINTIFFS

3.     CSIL is a foreign exporter of CSPV cells, whether or not assembled into modules, from Thailand. THSM is a Thai producer of CSPV cells, whether or not assembled into modules, from Thailand. USMMC is a manufacturer in the United States of a domestic like product. CSIL, THSM, and USMMC participated in the countervailing duty ("CVD") investigation that led to the challenged Final Determination through the submission of argument and factual information. Plaintiffs are therefore interested parties and parties to the proceeding within the meaning of Section 771(9)(A) of the Act, 19 U.S.C. § 1677(9)(A), (C), and have standing to bring this action under 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

## TIMELINESS OF THIS ACTION

4.     Section 516A(a)(2)(A)(i)(II) of the Act requires that, in actions challenging Commerce's determinations described in Section 516A(a)(2)(B)(i), the summons must be filed within thirty (30) days of the date of publication in the *Federal Register* of the resulting CVD

order, and the complaint must be filed within thirty (30) days thereafter. 19 U.S.C. § 1516a(a)(2)(A)(i)(II). Commerce rendered the Final Determination on April 18, 2025, and then published the Final Determination in the *Federal Register* on April 25, 2025. Final Determination at 17,380. The CVD order was published in the *Federal Register* on June 24, 2025. *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From Malaysia and Thailand: Amended Final Countervailing Duty Determinations; Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From Cambodia, Malaysia, Thailand, and the Socialist Republic of Vietnam: Countervailing Duty Orders*, 90 Fed. Reg. 26,791 (Dep't Commerce June 24, 2025). On July 24, 2025, 30 days from Commerce's June 24, 2025, publication of the CVD order, Plaintiffs filed a summons with this Court. On August 25, 2025, the first business day following thirty (30) days thereafter, Plaintiffs filed this Complaint. 1/ This action is thus timely.

## STANDARD OF REVIEW

5.  This Court reviews final determinations issued by Commerce under 19 U.S.C. § 1671d to determine whether they are "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i).

## STATEMENT OF FACTS

6.  Canadian Solar Inc. is a globally integrated solar company legally domiciled and incorporated in Canada; registered under the laws of the Province of Ontario, Canada; and maintaining its principal executive office and place of business in Guelph, Ontario, Canada. Its

---

1/   Ct. Int'l Trade R. 6(a)(1) ("{I}f the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

indirectly majority-owned subsidiary USMMC manufactures CSPV products in the United States. CSIL, also indirectly majority-owned by Canadian Solar Inc., is a Hong Kong-based trading company that sells and exports CSPV solar products to markets around the world. CSIL exports solar products manufactured by its affiliate, THSM, to the U.S. market. THSM manufactures CSPV cells and modules at its facilities in Chonburi and Rayong, Thailand.

7. On May 14, 2024, Commerce initiated a CVD investigation of CSPV cells, whether or not assembled into modules, from Thailand. *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From Cambodia, Malaysia, Thailand, and the Socialist Republic of Vietnam: Initiation of Countervailing Duty Investigations*, 89 Fed. Reg. 43,816 (Dep't Commerce May 20, 2024). Following initiation, Commerce issued quantity and value ("Q&V") questionnaires to various entities, including Canadian Solar. *See* Memorandum from Scot Fullerton to Ryan Majerus, *Decision Memorandum for the Preliminary Affirmative Determination and Preliminary Affirmative Critical Circumstances Determination, in Part, in the Countervailing Duty Investigation of Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules, from Thailand*, C-549-852 (Investigation) (Dep't Commerce Sept. 30, 2024), ACCESS 4640592-02 ("Prelim. IDM") at 7. Canadian Solar timely responded to the Q&V questionnaire. On June 17, 2024, Commerce selected a single respondent for individual investigation, Trina Solar Science & Technology (Thailand) Ltd. ("TTL"). *Id*. at 2.

8. On September 20, 2024, Canadian Solar provided comments for consideration in advance of the Preliminary Determination. *Id*. at 3.

9. Commerce published its Preliminary Determination on October 4, 2024. *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From Thailand: Preliminary Affirmative Countervailing Duty Determination, Preliminary Affirmative Critical*

*Circumstances Determination, in Part, and Alignment of Final Determination With Final Antidumping Duty Determination*, 89 Fed. Reg. 80,874 (Dep't Commerce Oct. 4, 2024). Commerce preliminarily calculated a *de minimis* subsidy rate for TTL and assigned a rate of 34.52 percent, based on adverse inferences, to Sunshine Electrical Energy and Taihua New Energy (Thailand) Co. Ltd. *Id*. at 80,875. Commerce preliminarily published an All Others rate of 23.06 percent, taking a simple average of the other rates, which was applicable to CSIL and THSM. *Id*. Commerce made an affirmative preliminary finding of critical circumstances for exporters and producers other than TTL.

10. On January 7, 2025, Commerce issued a Post-Preliminary Analysis finding that the Government of China provides additional countervailable subsidies to TTL through the cross-border provision of materials at less than adequate remuneration ("LTAR"). Memorandum from Scott Fullerton to Steven Presing, *Decision Memorandum for the Post-Preliminary Analysis in the Countervailing Duty Investigation of Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules, from Thailand*, C-549-852(Investigation) (Dep't Commerce Jan. 7, 2025), ACCESS 4694667-01 ("Post-Preliminary IDM"); *see also* Memorandum from Henry Wolfe to Kathleen Marksberry, *Countervailing Duty Investigation of Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules, from Thailand: Decision Memorandum on Additional New Subsidy Allegations*, C-549-852 (Investigation) (Dep't Commerce Feb. 20 2025), ACCESS 4716272-01 ("NSA Memo"). In its Preliminary Determination and subsequent decision memoranda, Commerce found that the cross-border provision of certain Chinese inputs used in the manufacture of CSPV products constituted countervailable subsidies. Prelim. IDM at 35 (provision of Chinese-origin polysilicon for LTAR); Post-Preliminary IDM at 9 (provision of Chinese-origin wafers, silver paste, and solar glass for

5

LTAR); NSA Memo at 5 (recommending initiation with respect to the provision of Chinese-origin aluminum frames and junction boxes for LTAR).

11.     On March 12 and March 20, 2025, Plaintiffs timely submitted case and rebuttal briefs in advance of the Final Determination. Final IDM at 4. In its March 12, 2025, case brief, the petitioner argued, among other things, that Commerce should use tier two benchmarks to measure any benefit provided by the cross-border provision of Chinese wafers. The petitioner requested that Commerce rely on monthly export data for silicon wafers exported under HS 3818.00 from UN Comtrade data for this tier two benchmark. *Id*. at 44. In its case and rebuttal briefs, Canadian Solar explained, *inter alia*, that Commerce should not find that the cross-border provision of solar inputs constitutes a countervailable subsidy and should not adopt the petitioner's solar wafer benchmark requests. *See id.* at 41, 45, 51–53.

12.     TTL also timely submitted case and rebuttal briefs arguing, *inter alia*, that Commerce should employ a tier one benchmark to measure the benefit allegedly provided by the cross-border provision of Chinese solar glass. *Id*. at 55–56. TTL noted that the Preliminary Determination employed a tier one benchmark for valuing solar glass and that the petitioner's requested tier two benchmark of UN Comtrade data for HS code 7007.19 was overly broad and not representative of actual purchases of solar glass. *Id*. TTL explained that Commerce should continue to employ a tier one benchmark in the Final Determination and, as an alternative, noted more reliable tier two benchmark data on the record than the UN Comtrade information. *Id*.

13.     Commerce published the Final Determination on April 25, 2025. Commerce found a subsidy rate of 263.74 percent for TTL and 799.55 percent, based on adverse inferences, for Sunshine Electrical Energy and Taihua New Energy (Thailand) Co. Ltd. Final Determination at 17,381. Commerce applied TTL's 263.74 percent rate to All Others rate exporters and producers,

including CSIL and THSM. *Id.* In its Final Determination, Commerce found, *inter alia*, "that the cross-border provision of Chinese-origin polysilicon, silicon wafers, silver paste, and solar glass for LTAR programs are *de facto* specific within the meaning of section 771(5A)(D)(iii)(I) of the Act." Final IDM at 42. Commerce justified this finding by stating that "these inputs are provided to a limited number of industries, including the solar cells industry." *Id.* at 43.

14. Commerce additionally determined to use a tier two benchmark to measure the benefit provided by the cross-border provision of silicon wafers. *Id.* at 43–55. Commerce relied on UN Comtrade data for HS code 3818.00 for its silicon wafer benchmark. *Id.* Commerce further determined to use a tier two benchmark to measure the benefit provided by the cross-border provision of solar glass. *Id.* at 55–60. Commerce relied on UN Comtrade data for HS code 7007.19 for its solar glass benchmark. *Id.*

15. Commerce published its CVD order on CSPV cells, whether or not assembled into modules, from Thailand on June 24, 2025. 90 Fed. Reg. 26,791.

## STATEMENT OF CLAIMS

### COUNT ONE

**Commerce's Findings Regarding the Countervailability of Cross-Border Benefits Are Not Supported by Substantial Evidence or Otherwise in Accordance with Law**

16. Plaintiffs hereby incorporate by reference paragraphs 1 through 15 of this Complaint.

17. Commerce's conclusions regarding the countervailability of cross-border benefits in this investigation are not supported by substantial evidence or otherwise in accordance with law. Among other flaws, these subsidies are not "specific" and thus are not countervailable. TTL does not operate "within the jurisdiction of the authority providing the {alleged} subsidy." 19 U.S.C. § 1677(5A)(D). Moreover, governing law does not allow Commerce to investigate and countervail

transnational subsidies. The text of the Act makes clear that Commerce does not have the legal authority to assess CVD requirements on alleged subsidies provided by the government of a country other than the country of export of the subject merchandise.

## COUNT TWO

### Commerce's Benchmark for Measuring the Benefit Provided by the Cross-Border Provision of Solar Wafers Is Not Supported by Substantial Evidence or Otherwise in Accordance with Law

18. Plaintiffs hereby incorporate by reference paragraphs 1 through 17 of this Complaint.

19. Commerce's tier two benchmark for measuring the benefit provided by the cross-border provision of solar wafers is not supported by substantial evidence or otherwise in accordance with law. As Commerce has recognized in similar proceedings, UN Comtrade wafer data is not an appropriate benchmark because, among other problems, it includes categories of merchandise that are entirely distinct from the solar wafers used in the production of CSPV cells. The Court of International Trade has explained: "{A}n import benchmark's 'comparability' means it must bear a reasonably realistic resemblance to the importing market's reality or it will not be in accordance with the statute." *Borusan Mannesmann Boru Sanayi v. Ticaret A.S.*, 61 F. Supp. 3d 1306, 1341 (Ct. Int'l Trade 2015), *aff'd sub nom. Maverick Tube Corp. v. United States*, 857 F.3d 1353 (Fed. Cir. 2017). Here, Commerce's use of UN Comtrade data does not meet these standards.

## COUNT THREE

**Commerce's Benchmark for Measuring the Benefit Provided by the Cross-Border Provision of Solar Glass Is Not Supported by Substantial Evidence or Otherwise in Accordance with Law**

20.     Plaintiffs hereby incorporate by reference paragraphs 1 through 19 of this Complaint.

21.     Commerce's benchmark for measuring the benefit provided by the cross-border provision of solar glass is not supported by substantial evidence or otherwise in accordance with law.  The record of this investigation presented a viable tier one benchmark, which Commerce unlawfully disregarded.  As Commerce even acknowledged in the Preliminary Determination, TTL's purchases of imported solar glass provided a reliable tier one benchmark.  Moreover, the tier two UN Comtrade wafer data is not an appropriate benchmark because, among other problems, it includes categories of merchandise that are entirely distinct from the solar glass used in the production of CSPV products.  The Court of International Trade has explained: "{A}n import benchmark's 'comparability' means it must bear a reasonably realistic resemblance to the importing market's reality or it will not be in accordance with the statute." *Borusan*, 61 F. Supp. 3d at 1341.  Here, Commerce's use of UN Comtrade data does not meet these standards.

**PRAYER FOR RELIEF**

Wherefore, Plaintiffs request that this Court:

(a)  Hold that the Final Determination is unsupported by substantial evidence and otherwise not in accordance with law;

(b)  Remand the Final Determination with instructions to issue a new determination that is consistent with the Court's decision; and

(c)  Provide such other and further relief as this Court deems just and proper.

                                              Respectfully submitted,

                                              /s/ Jonathan T. Stoel
Jonathan T. Stoel
Craig A. Lewis
Michael G. Jacobson
Joshua E. Kurland
Nicholas R. Sparks
Nicholas W. Laneville
Lindsay K. Brown

HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth Street, N.W.
Washington, DC 20004-1109
(202) 637-6634
jonathan.stoel@hoganlovells.com

*Canadian Solar International Limited; Canadian Solar Manufacturing (Thailand) Co., Ltd.; and Canadian Solar US Module Manufacturing Corporation*

Date: August 25, 2025