**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| CANADIAN SOLAR INTERNATIONAL LIMITED; CANADIAN SOLAR MANUFACTURING (THAILAND) CO., LTD.; CANADIAN SOLAR US MODULE MANUFACTURING CORPORATION; AMERICAN ALLIANCE FOR SOLAR MANUFACTURING TRADE COMMITTEE; TRINA SOLAR SCIENCE & TECHNOLOGY (THAILAND); AND M.L.T. SOLAR ENERGY PRODUCT CO., LTD., | Before: Hon. Timothy M. Reif, Judge |
| Plaintiffs and Consolidated Plaintiffs, | Consol. Court No. 25-00161 |
| v. | |
| UNITED STATES, | |
| Defendant, | |
| and | |
| AMERICAN ALLIANCE FOR SOLAR MANUFACTURING TRADE COMMITTEE, | |
| Defendant-Intervenor. | |

**PROPOSED ORDER**

Upon consideration of the motion of Plaintiff the American Alliance for Solar Manufacturing Trade Committee for judgment on the agency record, and all other pertinent papers and proceedings herein, it is hereby,

**ORDERED**, that Plaintiff's motion for judgment on the agency record is granted; and it is further

**ORDERED**, that this action be remanded to the U.S. Department of Commerce for proceedings consistent with this Court's opinion.

Consol. Ct. No. 25-00161

**SO ORDERED**.

Date: _____, 2026

_____

Hon. Timothy M. Reif, Judge

Consol. Ct. No. 25-00161

## IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

CANADIAN SOLAR INTERNATIONAL LIMITED; CANADIAN SOLAR MANUFACTURING (THAILAND) CO., LTD.; CANADIAN SOLAR US MODULE MANUFACTURING CORPORATION; AMERICAN ALLIANCE FOR SOLAR MANUFACTURING TRADE COMMITTEE; TRINA SOLAR SCIENCE & TECHNOLOGY (THAILAND); AND M.L.T. SOLAR ENERGY PRODUCT CO., LTD.,

          **Plaintiffs and Consolidated Plaintiffs,**

    **v.**

UNITED STATES,

          **Defendant,**

    **and**

AMERICAN ALLIANCE FOR SOLAR MANUFACTURING TRADE COMMITTEE,

          **Defendant-Intervenor.**

**Before: Hon. Timothy M. Reif, Judge**

**Consol. Court No. 25-00161**

## MOTION FOR JUDGMENT ON THE AGENCY RECORD

Pursuant to Rule 56.2 of the Rules of the United States Court of International Trade, Plaintiff the American Alliance for Solar Manufacturing Trade Committee hereby moves for judgment upon the agency record with respect to the final determination issued by the U.S. Department of Commerce ("Commerce") in the countervailing duty investigation of crystalline silicon photovoltaic cells, whether or not assembled into modules, from Thailand. *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from Thailand*, 90 Fed. Reg. 17,380 (Dep't Commerce Apr. 25, 2025) (final affirmative countervailing duty deter. and final affirmative deter. of critical circumstances) ("*Final Determination*").

**Consol. Ct. No. 25-00161**

Plaintiff respectfully moves, for the reasons explained in the accompanying memorandum, that this Court find that certain of Commerce's findings, conclusions, and/or determinations in the *Final Determination* were unsupported by substantial evidence or otherwise not in accordance with law. Plaintiff thus respectfully requests that the Court remand the Commerce's determination for disposition consistent with the Court's final opinion.

Respectfully submitted,

/s/ Timothy C. Brightbill
Timothy C. Brightbill, Esq.
Laura El-Sabaawi, Esq.
Stephanie M. Bell, Esq.
Stephen A. Morrison, Esq.

**WILEY REIN LLP**
2050 M Street, NW
Washington, DC 20036
(202) 719-7000

*Counsel to the American Alliance for Solar Manufacturing Trade Committee*

Dated: June 10, 2026

NON-CONFIDENTIAL VERSION

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

CANADIAN SOLAR INTERNATIONAL LIMITED; CANADIAN SOLAR MANUFACTURING (THAILAND) CO., LTD.; CANADIAN SOLAR US MODULE MANUFACTURING CORPORATION; AMERICAN ALLIANCE FOR SOLAR MANUFACTURING TRADE COMMITTEE; TRINA SOLAR SCIENCE & TECHNOLOGY (THAILAND); AND M.L.T. SOLAR ENERGY PRODUCT CO., LTD.,

    **Plaintiffs and Consolidated Plaintiffs,**

   **v.**

UNITED STATES,

    **Defendant,**

   **and**

AMERICAN ALLIANCE FOR SOLAR MANUFACTURING TRADE COMMITTEE,

    **Defendant-Intervenor.**

Before: Hon. Timothy M. Reif,
    Judge

Consol. Court No. 25-00161

<u>NON-CONFIDENTIAL VERSION</u>

Business Proprietary Information Removed from Pages: 4-5

<u>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CONSOLIDATED PLAINTIFF THE AMERICAN ALLIANCE FOR SOLAR MANUFACTURING TRADE COMMITTEE'S MOTION FOR JUDGMENT ON THE AGENCY RECORD</u>

Timothy C. Brightbill, Esq.
Laura El-Sabaawi, Esq.
Stephanie M. Bell, Esq.
Stephen A. Morrison, Esq.

WILEY REIN LLP
2050 M Street, NW
Washington, DC  20036
(202) 719-7000

*Counsel to the American Alliance for Solar Manufacturing Trade Committee*

**Dated: June 10, 2026**

Consol Ct. No. 25-00161                                    NON-CONFIDENTIAL VERSION

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION................................................................................................................1

II.    RULE 56.2 STATEMENT....................................................................................................1

    A.    Determination Presented for Review...........................................................................1

    B.    Issues Presented...........................................................................................................1

    C.    Request for Court Order and Decision Sought............................................................2

III.   LEGAL AND FACTUAL BACKGROUND ......................................................................2

    A.    Legal Background ........................................................................................................2

    B.    Factual Background......................................................................................................3

IV.    STANDARD OF REVIEW .................................................................................................6

V.     SUMMARY OF ARGUMENT ...........................................................................................7

VI.    ARGUMENT .......................................................................................................................8

    A.    Commerce's Determination to Individually Examine Only One Respondent
       is Unsupported by Substantial Evidence and Not in Accordance With Law ..............8

VII.   CONCLUSION ..................................................................................................................11

Consol Ct. No. 25-00161                                    NON-CONFIDENTIAL VERSION

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AMS Assocs. Inc. v. United States,*
    737 F.3d 1338 (Fed. Cir. 2013)...........................................................................7

*Asahi Seiko Co. v. United States,*
    751 F. Supp. 2d 1335 (Ct. Int'l Trade Nov. 12, 2010)...........................................3, 11

*Burlington Truck Lines, Inc. v. United States,*
    371 U.S. 156 (1962)...........................................................................................7

*Daewoo Elecs. Co. v. Int'l Union of Elec., Tech., Salaried & Mach. Workers,*
    *AFL-CIO,*
    6 F.3d 1511 (Fed. Cir. 1993)..............................................................................7

*Gallant Ocean (Thai.) Co. v. United States,*
    602 F.3d 1319 (Fed. Cir. 2010)...........................................................................7

*Jiangsu Senmao Bamboo and Wood Indus. Co. v. United States,*
    769 F. Supp. 3d 1344 (Ct. Int'l Trade 2025) ........................................................3, 9

*Jilin Henghe Pharm. Co. v. United States,*
    28 CIT 969, 342 F. Supp. 2d 1301 (2004), *vacated on other grounds*, 123 F.
    App'x 402 (Fed. Cir. 2005).................................................................................7

*Kisaan Die Tech Priv. Ltd. v. United States,*
    665 F. Supp. 3d 1364 (Ct. Int'l Trade 2023) ...............................................3, 9, 10

*N.L.R.B. v. Columbian Enameling & Stamping Co.,*
    306 U.S. 292 (1939)...........................................................................................7

*Schaeffler Italia S.R.L. v. United States,*
    781 F. Supp. 2d 1358 (Ct. Int'l Trade 2011) .......................................................3

*Siemens Gamesa Renewable Energy v. United States,*
    621 F. Supp. 3d 1337 (Ct. Int'l Trade 2023) .......................................................3

*Universal Camera Corp. v. N.L.R.B.,*
    340 U.S. 474 (1951)...........................................................................................7

*YC Rubber Co. (N. Am.) LLC v. United States,*
    No. 19-00069, 2022 WL 3711377 (Fed. Cir. Aug. 29, 2022) ........................ *passim*

*Zhejiang Native Produce & Animal By-Prods. Imp. & Exp. Corp. v. United States,*
    637 F. Supp. 2d 1260 (Ct. Int'l Trade 2009) ......................................................11

Consol Ct. No. 25-00161                                      NON-CONFIDENTIAL VERSION

**Statutes**

19 U.S.C. § 1516a(b)(1)(B)(i)........................................................................................6

19 U.S.C. § 1671d.......................................................................................................10

19 U.S.C. § 1671d(c)(5)(A)(i) ....................................................................................10

19 U.S.C. § 1677f-1(c)(2).............................................................................................9

19 U.S.C. § 1677f-1(e)(1)..........................................................................................2, 8

19 U.S.C. § 1677f-1(e)(2)..............................................................................8, 9, 10, 11

Tariff Act of 1930 ..............................................................................................2, 3, 7, 10

**Other Authorities**

*Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules,
    From Cambodia, Malaysia, Thailand, and the Socialist Republic of Vietnam*,
    89 Fed. Reg. 43,816 (Dep't Commerce May 20, 2024) ...........................................3

*Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules,
    from Thailand*,
    90 Fed. Reg. 17,380 (Dep't Commerce Apr. 25, 2025)..............................................1

*Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules,
    From Thailand*,
    89 Fed. Reg. 80,874 (Dep't Commerce Oct. 4, 2024) ...............................................6

iii

## I.      INTRODUCTION

On behalf of the American Alliance for Solar Manufacturing Trade Committee (the "Alliance"), consolidated plaintiff and defendant-intervenor in this action, we respectfully submit this opening brief in the Alliance's challenge of the U.S. Department of Commerce's ("Commerce") determination in the countervailing duty investigation of crystalline silicon photovoltaic cells, whether or not assembled into modules ("CSPV cells and modules") from Thailand.

## II.     RULE 56.2 STATEMENT

### A.      Determination Presented for Review

Commerce published the final results of the countervailing duty investigation under challenge as *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from Thailand*, 90 Fed. Reg. 17,380 (Dep't Commerce Apr. 25, 2025) (final affirmative countervailing duty deter. and final affirmative deter. of critical circumstances), P.R. 713[1] (*"Final Determination"*). Commerce provided the bases for its determination in an accompanying issues and decision memorandum, P.R. 703 ("IDM").

### B.      Issues Presented

The Alliance raises the following challenge to the *Final Determination*:

1. Commerce's determination to select only one mandatory respondent in the countervailing duty investigation of CSPV cells and modules from Thailand is unsupported by substantial evidence and is not in accordance with law. Commerce's

---

[1]      References made herein to the confidential administrative record ("C.R.") and public administrative record ("P.R.") correspond to the document numbers as filed by the U.S. Department of Commerce ("Commerce") with the Court on Dec. 12, 2025. *See* Administrative Record Index (Dec. 12, 2025), ECF Nos. 24-2 and 24-3.

selection of only one mandatory respondent contravenes the binding precedent of the U.S. Court of Appeals for the Federal Circuit ("Federal Circuit").

## C.    Request for Court Order and Decision Sought

The Alliance respectfully requests that this court hold that Commerce's determination to select only one mandatory respondent was unsupported by substantial evidence and not otherwise in accordance with law and remand the investigation to the agency to select and investigate an additional mandatory respondent.[2]

## III.   LEGAL AND FACTUAL BACKGROUND

### A.    Legal Background

Pursuant to the Tariff Act of 1930 (the "Act"), as amended, Commerce generally "shall determine an individual countervailable subsidy rate for each known exporter or producer of the subject merchandise." 19 U.S.C. § 1677f-1(e)(1). If it is "not practical" to calculate individual subsidy rates for each known exporter or producer "because of the large number of exporters or producers involved in the investigation," Commerce may select a "reasonable number of exporters or producers by limiting its examination to . . . a sample of exporters or producers that {Commerce} determines is statistically valid . . . or exporters and producers accounting for the largest volume of the subject merchandise from the exporting country that the administering authority determines can be reasonably examined." *Id.* at § 1677f-1(e)(2)(A).

The Federal Circuit has found that the Act, as amended, "generally requires that the 'reasonable number' {of respondents selected be} greater than one." *YC Rubber Co. (N. Am.) LLC v. United States*, No. 19-00069, 2022 WL 3711377 at *3 (Fed. Cir. Aug. 29, 2022); *see also*

---

[2] Should the court sustain Commerce's determinations with respect to the issues raised by Plaintiffs, Canadian Solar International Limited, et. al, and Consolidated Plaintiffs Trina Solar Science & Technology (Thailand) Ltd. and M.L.T. Solar Energy Product Co., Ltd., the Coalition intends to withdraw its challenge to Commerce's selection of a single mandatory respondent.

*Jiangsu Senmao Bamboo and Wood Indus. Co. v. United States*, 769 F. Supp. 3d 1344, 1356-60 (Ct. Int'l Trade 2025) (extending the holding of *YC Rubber* to Commerce's selection of respondents in countervailing duty proceedings); *Siemens Gamesa Renewable Energy v. United States*, 621 F. Supp. 3d 1337, 1348 (Ct. Int'l Trade 2023) (finding all-others rate unlawful because it resulted from an unlawful respondent selection method because Commerce limited its individual examination to a single respondent); *Kisaan Die Tech Priv. Ltd. v. United States*, 665 F. Supp. 3d 1364 (Ct. Int'l Trade 2023) (same). Likewise, this court has found that "{t}he plural term '*reasonable number of exporters or producers*,' read according to its plain meaning, does not encompass a quantity of one." *Schaeffler Italia S.R.L. v. United States*, 781 F. Supp. 2d 1358, 1362-63 (Ct. Int'l Trade 2011). This court has further explained that the Act considers only the practicability of determining margins based on the large number of exporters or producers involved in the investigation at hand and does not consider Commerce's general resource constraints as a basis for limiting the number of mandatory respondents. *See Asahi Seiko Co. v. United States*, 751 F. Supp. 2d 1335, 1341 (Ct. Int'l Trade Nov. 12, 2010) (citing *Zhejiang Native Produce & Animal By-Prods. Imp. & Exp. Corp. v. United States*, 637 F. Supp. 2d 1260, 1263-64 (Ct. Int'l Trade 2009)).

### B.    **Factual Background**

Commerce initiated the investigation of *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From Thailand* on May 14, 2025, following receipt of a petition filed with Commerce and the United States International Trade Commission by the Alliance on April 24, 2024. *See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From Cambodia, Malaysia, Thailand, and the Socialist Republic of Vietnam*, 89 Fed. Reg. 43,816 (Dep't Commerce May 20, 2024) (initiation of countervailing duty investigations), P.R. 103. In its

initiation, Commerce explained that the petition identified 23 Thai producers or exporters and that, if the agency determined that it could not individually examine each company, it would rely on quantity and value ("Q&V") questionnaires for the purpose of respondent selection. *Id.* at 43,819.

Commerce subsequently issued Q&V questionnaires to 15 Thai producers of crystalline silicon photovoltaic cells and modules.[3] *See* Memorandum from Henry Wolfe, through Irene Darzenta Tzafolias, to James Maeder, re: *Countervailing Duty Investigation of Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From Thailand: Respondent Selection* (June 17, 2024) at 1-2, Attachment, C.R. 47, P.R. 164 ("Respondent Selection Memo"). Commerce received timely filed responses to the Q&V questionnaires from eight companies. *Id.* Based on the responses to the Q&V questionnaires, [

] exporting subject merchandise during the period of investigation. *Id.* at Attachment. The [                                                                                      ] during the period of investigation. *Id.*

On June 11, 2024, the Alliance submitted timely comments on the Q&V questionnaire responses. *See* Letter from Wiley Rein LLP to Sec'y Commerce, re: *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules from Thailand: Comments on Q&V Questionnaire Responses and Respondent Selection* (June 11, 2024), C.R. 41, P.R. 142. The Alliance alerted Commerce to [                                        ] the quantities and values self-

---

[3] The Alliance also raised a concern to Commerce regarding the issuance of the Q&V questionnaires. Namely, instead of issue questionnaires to all companies appearing in the CBP data, Commerce issued questionnaires to only fifteen companies, *see* Letter from Wiley Rein LLP to Sec'y Commerce, re: *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from Thailand: Request to Issue Additional Quantity and Value Questionnaires* (May 22, 2024), C.R. 32, P.R. 105, but Commerce declined to issue additional questionnaires.

reported by respondent companies and the CBP import data, and that, due to the complexity of the Q&V questionnaires, it was unclear whether the responses were accurate. *Id.* at 1-3. The Alliance urged Commerce to issue a supplemental questionnaire requiring that respondents explain their methodology for reporting the Q&V of their imports during the period of investigation to confirm that the self-reported Q&V responses were accurately reported. *See id.* at 2-4. The Alliance also requested that Commerce, at a minimum, select two companies as mandatory respondents. *Id.* at 4-5. Commerce chose not to issue supplemental questions, stating that the discrepancies between the CBP data and Q&V responses did not warrant further clarification. Respondent Selection Memo at 5.

Despite [                    ] reporting that they had imports of subject merchandise during the period of investigation, Commerce selected only one mandatory respondent, TTL. *See id.* at 4-6, Attachment. Acknowledging that Commerce would "ideally" examine all known exporters and producers in an investigation, Commerce nonetheless concluded that "it would not be practicable . . . to examine each of the known exporters or producers individually." *Id.* at 3. Commerce further explained that it was limiting the number of selected respondents in the investigation due to the "significant constraint" examining additional respondents would place on the agency, given its "significant workload" and lack of additional resources. *Id.* at 4.

On June 21, 2024, the Alliance commented on Commerce's respondent selection, requesting that Commerce select one additional respondent, consistent with the Federal Circuit's controlling precedent that Commerce must generally select more than one mandatory respondent for individual review. *See* Letter from Wiley Rein LLP to Sec'y Commerce, re: *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules from Thailand: Comments on Respondent Selection* (June 21, 2024) at 1-3, C.R. 48, P.R. 168. On September 13, 2025, having

received no response from Commerce regarding selection of an additional mandatory respondent, the Alliance again requested that Commerce select an additional mandatory respondent in its pre-preliminary determination comments. *See* Letter from Wiley Rein LLP to Sec'y Commerce, re: *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules from Thailand: Pre-Preliminary Comments* (Sep. 13, 2024) at 7-8, P.R. 462.

In its preliminary determination, Commerce did not select an additional mandatory respondent. *See* Preliminary Decision Memorandum accompanying *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From Thailand*, 89 Fed. Reg. 80,874 (Dep't Commerce Oct. 4, 2024) (prelim. affirm. countervailing duty deter., prelim. affirm. critical circumstances deter., in part, and alignment of final deter. with final antidumping duty deter.) at 2, P.R. 509.

On March 12, 2025, the Alliance filed its case brief before the agency. *See* Letter from Wiley Rein LLP to Sec'y Commerce, re: *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules, from Thailand: Case Brief* (Mar. 12, 2025), C.R. 331, P.R. 685. In its case brief, the Alliance argued that Commerce was required to select at least two mandatory respondents in the investigation. *See id.* at 31-32. In the *Final Determination*, Commerce again determined not to select an additional mandatory respondent. IDM at 80-81. Commerce claimed that because TTL accounted for the overwhelming majority of imports during the period of investigation, it was not required to select a second mandatory respondent. *See id.*

This appeal followed.

## IV.    STANDARD OF REVIEW

The U.S. Court of International Trade ("CIT") reviews Commerce's decisions in countervailing duty proceedings to determine whether those decisions are "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C.

§ 1516a(b)(1)(B)(i). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Universal Camera Corp. v. N.L.R.B.*, 340 U.S. 474, 477 (1951) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). It must be "more than a scintilla, and must do more than create a suspicion of the existence of the fact to be established." *N.L.R.B. v. Columbian Enameling & Stamping Co.*, 306 U.S. 292, 300 (1939).

In determining whether Commerce's determination is supported by substantial evidence, the court, "reviews the record as a whole, including any evidence that 'fairly detracts from the substantiality of the evidence,'" *Gallant Ocean (Thai.) Co. v. United States*, 602 F.3d 1319, 1323 (Fed. Cir. 2010), and determines "whether the evidence and reasonable inferences from the record support {the agency's} finding." *Daewoo Elecs. Co. v. Int'l Union of Elec., Tech., Salaried & Mach. Workers, AFL-CIO*, 6 F.3d 1511, 1520 (Fed. Cir. 1993) (internal quotation marks and citation omitted). Commerce must provide a "rational connection between the facts found and the choice made." *Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168 (1962).

A decision is not "in accordance with law" if it violates the plain language of a relevant statute or regulation. *AMS Assocs. Inc. v. United States*, 737 F.3d 1338, 1344 (Fed. Cir. 2013); *Jilin Henghe Pharm. Co. v. United States*, 28 CIT 969, 977, 342 F. Supp. 2d 1301, 1309 (2004), *vacated on other grounds*, 123 F. App'x 402 (Fed. Cir. 2005). Likewise, to the extent that the agency's determination is inconsistent with binding judicial precedent, the determination is not in accordance with law. *Jilin Henghe*, 28 CIT at 977, 342 F. Supp. 2d at 1309, *vacated on other grounds*, 123 F. App'x 402.

## V.    SUMMARY OF ARGUMENT

Commerce's determination to select only one mandatory respondent in this investigation is unsupported by substantial evidence and is contrary to law. Commerce does not have discretion under the Act to select only one mandatory respondent for individual review. The plain language

of the statute establishes that Commerce may limit its selection of respondents to the "exporters and producers"—plural—that account for the largest volume of subject merchandise from the exporting country.

## VI.    ARGUMENT

### A.    Commerce's Determination to Individually Examine Only One Respondent is Unsupported by Substantial Evidence and Not in Accordance With Law

Commerce's determination to individually examine only one respondent is not supported by substantial evidence and is not in accordance with law. Commerce's determination not to select at least two mandatory respondents here contravenes precedent established by the Federal Circuit in *YC Rubber*.

Commerce claimed its selection of a single mandatory respondent here was appropriate in this investigation. IDM at 80. However, the plain language of the statute mandates that, at a minimum, Commerce must select two mandatory respondents for individual examination.

As a general rule, the statute provides that Commerce "shall determine an individual countervailable subsidy rate for each known exporter or producer of the subject merchandise" in an investigation. 19 U.S.C. § 1677f-1(e)(1). A limited exception to this general rule is provided for in cases where there is a "large number" of exporters or producers involved in the investigation. *Id.* § 1677f-1(e)(2). In such circumstances, Commerce may determine the weighted average dumping margins for a *reasonable number of exporters or producers. Id.* (emphasis added).

While the statute does not state what constitutes a "reasonable number," both the statute and prior Federal Circuit and CIT case law make clear that it is more than one. To start, the statute's repeated requirement that examination be limited to the plural "exporters and producers"—in the context of both antidumping and countervailing duty proceedings—demonstrates that Congress' intent that Commerce select at least two mandatory respondents.

This understanding of the statutory language was confirmed in *YC Rubber*, in which the Federal Circuit held that the "reasonable number" of respondents that must be selected for individual examination "is generally more than one." *YC Rubber*, 2022 WL 3711377, at *4. Likewise, in *Kisaan Die Tech Private Ltd. v. United States*, the CIT found that Commerce's determination to select only one mandatory respondent violated the requirements of 19 U.S.C. § 1677f-1(c)(2). While Commerce stated that it individually examined only one respondent because "an individual examination of the largest exporter and producer will account for a significant volume of subject merchandise during the {period of review}," the CIT explained that Commerce's selection of only one respondent was unlawful in light of *YC Rubber*. *See Kisaan*, 665 F. Supp. 3d at 1379.

While *YC Rubber* involved interpretation of the statutory requirements for selecting mandatory respondents in an antidumping proceeding, its reasoning applies equally in countervailing duty proceedings. The statutory language at issue in *YC Rubber* is identical to that of the statutory language here: both provisions provide that Commerce may determine the dumping margin or countervailable subsidy rates "for a reasonable number of exporters or producers by limiting its examination to . . . exporters and producers accounting for the largest volume of the subject merchandise from the exporting country" that can reasonably be examined. *Compare* 19 U.S.C. § 1677f-1(c)(2), *with* 19 U.S.C. § 1677f-1(e)(2). Indeed, this court has already found that the holding of *YC Rubber* extends to Commerce's respondent selection in countervailing duty proceedings. *See Jiangsu*, 769 F. Supp. 3d at 1356-60 (directing Commerce to select a second mandatory respondent on remand).

That Commerce must select at least two mandatory respondents is reinforced by the Act's method for determining the "all-others" rate applicable to non-selected companies. Pursuant to

19 U.S.C. § 1671d, "the all-others rate shall be an amount equal to the *weighted average* countervailable subsidy rates established for *exporters and producers* individually examined," excluding any zero and *de minimis* subsidy rates, and rates determined using adverse facts available. 19 U.S.C. § 1671d(c)(5)(A)(i) (emphasis added). Referring to respondents again in the plural, Congress indicated its intent that Commerce select at least two respondents in countervailing duty investigations. Likewise, the use of a "weighted average" implies that Commerce must average the rates of at least two companies. As the Federal Circuit explained, there is "no reason why it would be reasonable to 'average' a single rate." *YC Rubber*, 2022 WL 3711377, at *4.

Both the express language of the provisions of the statute regarding respondent selection, as well as the overall context of the Act, demonstrate that Commerce is required to select a minimum of two mandatory respondents in countervailing duty proceedings. Nonetheless, here, Commerce selected only a single mandatory respondent, stating that TTL "accounted for the overwhelming majority of imports of subject merchandise." IDM at 80-81. This is of no consequence. As explained above, the requirement that Commerce select more than one respondent is based on statutory language that requires "a reasonable number of *exporters and producers*," and that the non-individually examined companies' rate be based on a weighted-average, both of which eliminate the possibility of selecting only a single mandatory respondent. *See* 19 U.S.C. § 1677f-1(e)(2) (emphasis added). This statutory language does not provide for an exception so long as one respondent is sufficiently large. Indeed, the CIT has previously rejected this approach in *Kisaan*. 665 F. Supp. 3d at 1379 (recognizing Commerce's explanation that the respondent accounted for a significant volume of subject merchandise and stating that the selection of a single respondent was unlawful "{u}nder the binding precedent of *YC Rubber*").

Commerce's other justification for examining only one mandatory respondent, "resource constraints," is likewise not a valid basis for selecting only one mandatory respondent here. Once operating within the "exception" to the general rule of examining each known producer and exporter, there is no further exception to the examination of a "reasonable number or exporters or producers." 19 U.S.C. § 1677f-1(e)(2). Furthermore, this court has confirmed that Commerce's general resource constraints are not a valid basis for limiting the number of mandatory respondents. *See Asahi Seiko*, 751 F. Supp. 2d at 1341; *Zhejiang Native*, 637 F. Supp. 2d at 1263-64.

Accordingly, Commerce's selection of a single mandatory respondent in this investigation is unsupported by substantial evidence and not in accordance with law.

## VII.    CONCLUSION

For the reasons described above, the Alliance urges this Court to remand the *Final Determination* to Commerce to select an additional mandatory respondent.

Respectfully submitted:

*/s/ Timothy C. Brightbill*
Timothy C. Brightbill, Esq.
Laura El-Sabaawi, Esq.
Stephanie M. Bell, Esq.
Stephen A. Morrison, Esq.

**WILEY REIN LLP**
2050 M Street, NW
Washington, DC 20036

*Counsel to the American Alliance for Solar Manufacturing Trade Committee*

Dated: June 10, 2026

<u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Chambers Procedure 2(B)(1), the undersigned certifies that these comments comply with the word limitation requirement. The word count for the Memorandum of Points and Authorities in Support of Consolidated Plaintiff The American Alliance for Solar Manufacturing Trade Committee's Motion for Judgment on the Agency Record, as computed by Wiley Rein LLP's word processing system (Microsoft Word 2019), is 3,125 words.

<u>*/s/ Timothy C. Brightbill*</u>
(Signature of Attorney)

<u>Timothy C. Brightbill</u>
(Name of Attorney)

<u>The American Alliance for Solar Manufacturing Trade Committee</u>
(Representative Of)

<u>June 10, 2026</u>
(Date)